UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

William H. Ball,

        Plaintiff

v.

Trans Union, LLC,

        Defendant

Case No. 2:23-cv-01816-CDS-NJK

**Order Dismissing Complaint with Prejudice under Rule 41(b)**

      In November 2023, plaintiff William Ball commenced this lawsuit against defendant Trans Union, LLC for alleged violations of the Fair Credit Reporting Act. Compl., ECF No. 1. One year later, the parties reached an agreement to settle all claims. Notice of settlement, ECF No. 29. The parties were ordered to file a stipulation of dismissal, or a joint status report addressing settlement, by January 10, 2025. Min. order, ECF No. 30. On that day, Trans Union provided a status report indicating that all the settlement terms were satisfied but it was unable to file a dismissal because it could not get in contact with Ball. ECF No. 31. Trans Union sought a fourteen-day extension of time to contact Ball for consent and submit the stipulation of dismissal. *Id.* at 2. On January 24, 2025, Trans Union provided a second status report stating that it made multiple attempts to contact Ball by phone and email, but it had not received any response. ECF No. 34. It again requested an additional fourteen days to contact Ball and submit the stipulation of dismissal. *Id.* at 2. On February 6, 2025, Trans Union submitted its third status report informing the court that Ball had failed to respond to any of it attempts to contact him. ECF No. 36. Unable to obtain Ball's consent to dismissal, Trans Union seeks to dismiss this action with prejudice. *Id.* at 3. In a supporting declaration, Trans Union's counsel avers that (1) Ball signed the confidential settlement and release agreement, (2) Ball confirmed the correct mailing address for the settlement check and it was placed in the mail, (3) the settlement check

has been either cashed or deposited, and (4) further attempts to contact Ball by both phone and email were unsuccessful. Pietrzak decl., ECF No. 36-1.

I.  Discussion

Federal Rule of Civil Procedure 41 authorizes dismissal of an action when the plaintiff fails to prosecute or comply with the federal rules or court orders. Fed. R. Civ. P. 41(b). Although dismissal is such a harsh penalty that should be imposed as a sanction only in extreme circumstances, *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), the court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). The availability of the dismissal sanction "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Link*, 370 U.S. at 629.

To determine whether dismissal under Rule 41(b) is appropriate in this case, I am required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423.

Here, both the first factor, the public's interest in expeditious resolution of litigation, and the second factor, the court's need to manage its docket, weigh in favor dismissal. Ball has repeatedly ignored Trans Union's attempts at communication, and Ball's inaction delays the resolution of this litigation. Three months have passed since Ball signed the settlement agreement. Absent dismissal, given that Ball has gone completely silent,[1] this case will languish on the court's already overburdened docket.

---

[1] Not only has Ball not responded to Trans Union, but his mail has also been returned as undeliverable and he has failed to respond to the court's orders to update his address in additional cases he filed in this district. *See* ECF No. 9 in *Ball v. Equifax Info. Servs.*, 2:24-cv-01449-GMN-NJK; ECF No. 19 in *Ball v. NP Sunset LLC*, 2:24-cv-01450-CDS-NJK; ECF No. 21 in *Ball v. NP Boulder LLC*, 2:24-cv-01451-CDS-NJK; ECF No. 4 in *Ball v. Barclays Bank Del.*, 2:24-cv-01452-CDS-EJY; ECF No. 23 in *Ball v. Station GVR Acquisition*, 2:24-cv-01453-CDS-NJK; ECF Nos. 9, 10 in *Ball v. Palms Casino and Resort LLC*, 2:24-cv-01454-CDS-NJK; ECF No. 20 in *Ball v. NP Palace LLC*, 2:24-cv-01455-CDS-NJK; ECF Nos. 10, 11 in *Ball v. Circa Hotel and Casino, LLC*,

The third factor, the risk to defendants, also weighs in favor of dismissal. Trans Union and Ball settled their dispute. ECF No. 29. Ball indicated his intent to be bound by the settlement—which would include dismissal of his claims against Trans Union—by signing the settlement agreement and accepting payment. ECF No. 36 at 1–2; ECF No. 36-1 at 4, 6, 8. Dismissal under Rule 41(b) will not prejudice Trans Union because it has already negotiated an agreement that would dismiss Ball's complaint. If the dismissal is with prejudice, Ball cannot refile the claim, and Trans Union will not face the risk of incurring the expense of defending the claim again.

The fourth factor, the public policy of resolving disputes on the merits, and the fifth, requiring the court to consider whether a less drastic alternative is available, are less significant here. As noted above, the parties reached an agreed settlement in this matter. In reliance on that agreed settlement, Trans Union attempted, to no avail, to obtain Ball's consent to file the stipulated dismissal. In such circumstances, and in spite of these factors' neutrality, I find that, on balance, involuntary dismissal with prejudice is appropriate in this case.

## Conclusion

For the reasons stated, Ball's complaint is dismissed with prejudice, with both parties to bear their own costs and fees. The Clerk of Court is kindly instructed to close this case.

Dated: February 21, 2025

_____
Cristina D. Silva
United States District Judge

---

2:24-cv-01457-CDS-NJK; ECF No. 11 in *Ball v. New York New York Hotel and Casino LLC*, 2:24-cv-01458-CDS-NJK; ECF No. 10 in *Ball v. Park MGM Casino, LLC*, 2:24-cv-01753-CDS-NJK; ECF No. 10 in *Ball v. Ramparts, LLC*, 2:24-cv-01754-CDS-NJK; ECF No. 10 in *Ball v. Tuscany Hotel and Casino, LLC*, 2:24-cv-01756-CDS-NJK; ECF No. 12 in *Ball v. Oyo Hotel & Casino, LLC*, 2:24-cv-01757-CDS-NJK.